UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| STACEY L. RITTER,<br><br>Plaintiff,<br><br>vs.<br><br>NANCY A. BERRYHILL,[1] Acting Commissioner, Social Security Administration,<br><br>Defendant. | CIV. 16-5084-JLV<br><br><br>ORDER |

## INTRODUCTION

On May 9, 2017, the court entered an order (1) reversing the decision of

the Commissioner of the Social Security Administration ("Commissioner")

denying plaintiff Stacey L. Ritter's application for benefits, and (2) remanding the

case for further administrate proceedings pursuant to sentence four of 42 U.S.C.

§ 405(g).[2]   (Docket 20).   Pursuant to the Equal Access to Justice Act ("EAJA"),

28 U.S.C. § 2412, Catherine Ratliff, counsel for Ms. Ritter, timely moved for an

award of attorney's fees and expenses.   (Docket 22).   The motion seeks an

award of $11,188.18 in attorney's fees, court costs of $400 and expenses of

$727.23 in state and local sales tax.   (Docket 22 at p. 1).   Although Ms. Ratliff

---

[1]Nancy A. Berryhill became the Acting Commissioner of Social Security on January 20, 2017.   Pursuant to Fed. R. Civ. P. 25(d), Ms. Berryhill is automatically substituted for Carolyn W. Colvin as the defendant in all pending social security cases.   No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2]The Commissioner moved to remand the case, and plaintiff did not object. (Docket 18).

listed 80.90 hours on her log, she recognizes that number is large and seeks compensation for 60.68 hours.   (Dockets 23-1 at p. 2 & 23-2).   The Commissioner does not object to an award of EAJA fees, but objects to the number of hours for which Ms. Ratliff seeks compensation.   (Docket 24).   For the reasons stated below, the court grants in part and denies in part Ms. Ritter's motion.

## ANALYSIS

Ms. Ratliff asks the court to set the hourly rate at $184.38, after factoring in the cost of living adjustment permitted by the EAJA.   (Docket 23-1 at p. 2).   The Commissioner does not object to the hourly rate requested.   (Docket 24).   The EAJA sets a limit of $125 per hour for attorney's fees.   28 U.S.C. § 2412(d)(2)(A).   However, a court may award a higher hourly fee if "an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee."   Id.   The court finds the rate of $184.38 is reasonable considering the training and experience of Ms. Ratliff in the practice of social security law.

The Commissioner seeks to reduce the number of Ms. Ratliff's billable hours to 35 hours.   (Docket 24 at p. 4).   The Commissioner argues the average number of hours spent on a district court Social Security proceeding is 20 to 40. Id. at p. 3 (referencing Coleman v. Astrue, No. C05-3045, 2007 WL 4438633, at *3 (N.D. Iowa Dec. 17, 2007)).   The Commissioner contends "nothing about the facts and issues in this matter support a deviation from that average disability benefits EAJA award[.]"   Id.

A court has the discretion to reduce the amount of the award or deny an award "to the extent that the prevailing party during the course of the proceedings engaged in conduct which unduly and unreasonably protracted the final resolution of the matter in controversy."  28 U.S.C. § 2412(d)(1)(C).  The court also must decide whether the hours spent by Ms. Ratliff representing Ms. Ritter were "reasonably expended."  See Blum v. Stenson, 465 U.S. 886, 901 (1984); 28 U.S.C. § 2412(d)(2)(A).  The administrative record in Ms. Ritter's case was 1,394 pages in length, which Ms. Ratliff points out is more substantial than usual.  (Docket 25 at p. 2).  After reviewing Ms. Ratliff's time log (Docket 23-2) and considering the parties' arguments on this issue, the court finds certain reductions are proper.

Due to the manner in which Ms. Ratliff recorded her hours in her time log, the court finds it most helpful to aggregate the hours into four discrete categories: (1) time spent with the client or performing administrative functions and preparing the summons and complaint; (2) time spent preparing the joint statement of material facts ("JSMF") and joint statement of disputed facts ("JSDF"); (3) preparing Ms. Ritter's motion and supporting memorandum to reverse the decision of the Commissioner; and (4) time spent preparing the motion for attorney's fees under the EAJA.

Under the first category of time, the court finds some reductions are proper.   The Commissioner argues Ms. Ratliff billed 4.5 hours of work prior to filing the complaint which is not compensable under the EAJA.   (Docket 24 at

p. 5).   The 0.5 hours spent developing an *in forma pauperis* application and preparing to file the summons and complaint in federal district court are compensable under EAJA.   The Commissioner argues the remaining 4.0 hours represent administrative work prior to filing the complaint.   (Docket 24 at p. 5). Ms. Ratliff's reply brief on EAJA fees does not contest this point.   (Docket 25). The court finds the remaining 4.0 hours the Commissioner highlights must be removed from EAJA consideration.   See Dillon v. Berryhill, Civ. 15-5034, 2017 WL 4792226, at *2 (D.S.D. Oct. 23, 2017).

The Commissioner targets an additional 1.5 hours it argues represents "[p]urely clerical or secretarial tasks[,]" which are not compensable.   (Docket 24 at p. 7) (citing Johnson v. Barnhart, No. 03-0054, 2004 WL 213183, at *3 (W.D. Mo. Jan. 13, 2004)).   Of the 1.5 hours, 0.5 is the time the court determined above was compensable because it was the development of Ms. Ritter's *in forma pauperis* application and preparation of her federal court summons and complaint.   Ms. Ratliff's reply brief does not address the Commissioner's objection to including the remaining 1.0 hour of clerical work, so that time is removed from EAJA consideration.   See Stickler v. Berryhill, Civ. 14-5087, 2017 WL 4792220, at *2 (D.S.D. Oct. 23, 2017).

Turning to the second category of time, Ms. Ratliff spent 34.25 hours preparing the JSMF and JSDF in Ms. Ritter's case.   (Docket 25 at p. 2).   This court requires attorneys in social security cases to submit a highly detailed JSMF and (when necessary) JSDF.   (Docket 12 at pp. 1-2).   In Ms. Ritter's case,

the administrative record was 1,394 pages in length and involved a variety of complex medical issues. (Docket 25 at p. 2). Due to the lengthy and intricate administrative record, the JSMF and JSDF were substantial, totaling 121 pages. (Dockets 13 & 13-1). Ms. Ratliff's time log, however, shows a number of entries which seem to be for repetitive work in reviewing the administrative record and drafting the JSMF and JSDF. (Docket 23-2 at pp. 1-2). Due to the level of detail the court requires of attorneys when submitting the JSMF and JSDF, and the size of the administrative record, the court finds Ms. Ratliff reasonably expended 25 hours preparing the JSMF in the case. See Stickler, Civ. 14-5087, 2017 WL 4792220, at *2.

As for the third category of time, Ms. Ratliff spent 38 hours preparing Ms. Ritter's motion and accompanying brief to reverse the decision denying her benefits. (Docket 23-2 at pp. 2-3). The court finds 38 hours is excessive for preparing the initial motion and memorandum after 34.25 hours was already spent preparing the JSMF and JSDF. Because of the complex nature of the plaintiff's challenges to the Commissioner's decision, the court finds 25 hours spent preparing her motion and supporting memorandum to reverse the decision of the Commissioner is a more appropriate amount of time given the facts and complexity of Ms. Ritter's case. See Stickler, Civ. 14-5087, 2017 WL 4792220, at *3.

The final category of time is the 3.5 hours Ms. Ratliff spent preparing the motion for attorney's fees. (Docket 25 at p. 6). The Supreme Court held that

attorney's fees under the EAJA may be awarded for the time spent applying for the EAJA fee award. Commissioner, Immigration & Naturalization Service v. Jean, 496 U.S. 154, 162 (1990). Ms. Ratliff is entitled to recover for the 3.5 hours requested. See Dillon, Civ. 15-5034, 2017 WL 4792226, at *3.

The court finds a total of 54 hours were reasonably expended by Ms. Ratliff and in line with the complexity of this case, for a total attorney's fee award of $9,956.52. No objection was made to the $400 for court filing costs to be paid from the Judgment Fund pursuant to 28 U.S.C. §§ 1920 and 2412(a)(1).

**ORDER**

Based on the above analysis, it is

ORDERED that plaintiff's motion (Docket 22) is granted in part and denied in part.

IT IS FURTHER ORDERED that plaintiff is awarded $10,603.69 comprised of $9,956.52 in attorney's fees and $647.17 in expenses representing six and one-half percent (6.5%) state and local sales tax on the attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412

IT IS FURTHER ORDERED that plaintiff is entitled to $400 for court filing costs to be paid from the Judgment Fund pursuant to 28 U.S.C. §§ 1920 and 2412(a)(1).

IT IS FURTHER ORDERED that this award is without prejudice to plaintiff's right to seek attorney's fees under § 206(b) of the Social Security Act, 42 U.S.C. § 406(b), subject to the offset provision of the Equal Access to Justice

Act; however, this award shall constitute a complete release from and bar to any and all other claims plaintiff may have relating to the Equal Access to Justice Act in connection with this case.

IT IS FURTHER ORDERED that under Astrue v. Ratliff, 560 U.S. 586, 595-98 (2010), Equal Access to Justice Act fees awarded by the court belong to the plaintiff and are subject to offset under the Treasury Offset Program, 31 U.S.C. § 3716(c)(3)(B) (2006).

IT IS FURTHER ORDERED that the Equal Access to Justice Act fees shall be paid to plaintiff Stacey L. Ritter, but delivered to plaintiff's attorney Catherine Ratliff, Ratliff Law Office, 2006 S. Dorothy Circle, Sioux Falls, South Dakota 57106.

Dated November 21, 2017.

BY THE COURT:

/s/ *Jeffrey L. Viken*

JEFFREY L. VIKEN
CHIEF JUDGE